# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

THEODORE MICHAEL, )
)
)
    Petitioner, )
)
    vs. )     Case No. 4:13cv02071HEA
)
UNITED STATES OF AMERICA, )
)
    Respondent. )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's motion to Vacate, Set Aside or Correct Sentence [Doc. #1] pursuant to 28 U.S.C. § 2255. The United States of America has responded to the motion. Movant has not filed any Reply to Response to Motion to Vacate, Set Aside or Correct Sentence.

## Facts and Background[1]

On October 13, 2011 Petitioner, along with 11 others, was charged in a superseding indictment. He was charged with conspiracy to distribute and possess

---

[1] The facts are taken from the file and docket entries of case number 4:11CR00400 HEA-DDN, Presentence investigation report, and the plea agreement filed in this matter.

with intent to distribute cocaine, cocaine base and marijuana, in violation of Title 21, United States Code, Section 846. Subsequent to indictment, Petitioner filed a waiver of pretrial motions. On May 10, 2012, he appeared before United States Magistrate Judge David Noce and waived his right to file motions.

On July 10, 2012, Petitioner appeared before this Court and pleaded guilty to a lesser included offense in Count I. Under oath he denied any type of mental illness and denied the consumption any alcohol or drugs in the preceding 36-hour period. He indicated to the court that he had a college degree in business management. As a consequence of this colloquy he was determined to be competent to proceed.

Specific inquiry was made as to whether Petitioner was satisfied with his attorney's advice and performance whereupon he stated he was fully satisfied with the work his attorney had done for him and that he had no complaint against his attorney in any way. After reviewing his trial rights with him, as well as the terms of the plea agreement, the United States informed for the record what facts it would prove in the event the case proceeded to trial. The facts were also included in the written plea agreement between the parties. At the conclusion of the recitation of facts, Petitioner was asked, whether all those things as stated were true and correct to which he responded in the affirmative. He was specifically asked whether he agreed and admitted that the offense involved in excess of 50 kilograms of marijuana and he again responded in the affirmative and without equivocation.

The record also establishes that at the time of his plea, Petitioner had reviewed and signed the guilty plea agreement. The guilty plea agreement clearly set forth the joint recommendation of the parties that the base offense level was 20 (representing more than 40, but less than 60 kilograms of marijuana). Petitioner Michael had also had the benefit of a "pre-plea" Presentence Investigation Report. The pre plea PSR concluded that the amount of marijuana for which Michael was responsible was more than 40 kilograms but less than 60 kilograms.

Michael was sentenced to a term of 37 months imprisonment on October 11, 2012. No appeal was taken from the conviction or sentence.

### STANDARD FOR RELIEF UNDER 28 U.S.C. §2255

In order to state a cognizable claim of ineffective assistance of counsel, Petitioner must prove two elements: (1) that his attorney's performance was constitutionally deficient, and (2) that the deficient performance prejudiced his defense. *Strickland v. Williams*, 466 U.S. 668, 687 (1984). Under this framework, the Petitioner bears the "heavy burden" of proving both constitutional deficiency and prejudice. *Brown v. United States*, 311 F.3d 875, 878 (8th Cir. 2002); *Patterson v. United States*, 133 F. 3d 645, 647 (8th Cir. 1998); *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996); *see also Padilla v. Kentucky*, 559 U.S. 356, 371 (2010) (noting that "[s]urmounting *Strickland*'s high bar is never an easy task").

3

In order to meet this burden under the first prong of the *Strickland* test, Petitioner must not only prove that his counsel made errors, but that those errors were "so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Far from guaranteeing exceptional performance of counsel, the Sixth Amendment guarantees only "reasonably effective assistance" of counsel. *Id.* at 688. Under this standard, counsel is entitled to a "strong presumption" that his conduct falls within the wide range of professionally reasonable assistance. *Nguyen v. United States*, 114 F. 3d 699, 703-03 (8th Cir. 1997) (quoting *Strickland*, 466 U.S. at 689.

Even if a Movant succeeds in demonstrating that his counsel made errors of constitutional proportion, he still cannot prevail unless he proves that in the absence of those errors, the outcome of the proceedings would have been different. *Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffective assistance claim on the ground of lack of sufficient prejudice . . . that course should be followed.").

## DISCUSSION

### Right to Evidentiary Hearing

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d

4

1040, 1043 (8th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle [the movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043 (citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990)). Since the Court finds that Movant's claims can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

## **CLAIMS**

Movant asserts one single issue in his motion to vacate, set aside, or correct sentence. He argues that his attorney rendered ineffective assistance of counsel by failing to object, at sentencing, to the calculation of the drug quantity. Petitioner specifically alleges here that his attorney provided ineffective assistance of counsel for failing to argue at sentencing that there was an error in calculating the drug quantity because relevant conduct included drug quantities resulting from the conversion of seized cash into marijuana. Consequently, he claims that his guideline range was erroneously calculated to be 30-37 months, instead of 21-27 months.

5

## Did His Attorney Provide Ineffective Assistance of Counsel By Failing to Contest the Quantity of Drugs at Sentencing?

Petitioner signed a plea agreement and admitted, under oath, that the parties agree that more than 40 kilograms of marijuana were attributable and reasonably foreseeable to the Petitioner. He further agreed the amounts were based on intercepted phone calls, reliable witness statements, and various seizures of marijuana and currency throughout the investigation. Petitioner and the United States agreed that the amount was the proper amount involved in the offense which was the subject of the plea.

Petitioner Michael specifically agreed to the drug quantity of which he now complains. The record also reflects that he benefitted from a pre-plea PSR, which also referenced the quantity of which he now complains and argues that his lawyer was ineffective for failing to object at sentencing.

Petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. In addition, under *Strickland*, "[t]he conduct at issue must be evaluated with an eye toward the circumstances surrounding the decisions at the time they were made, not in hindsight." *Strickland*, 466 U.S at 680. The circumstances at the time of the sentencing in this matter unequivocally

6

demonstrate that the failure to object was a function of Petitioner knowing in advance what the quantity would be in the PSR; agreeing to that amount and admitting under oath that he was responsible for that amount. It is supremely ludicrous to expect that an attorney who had done the bidding of his client and secured considerable benefit for his client would now have his ability called into question considering all attendant circumstances and the significant body of law on the issue.

**Conclusion**

Based upon the foregoing analysis, Movant has failed to establish he is entitled to a hearing and has failed to present any basis upon which the Court may grant relief.

**Certificate of Appealablity**

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds

that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that this matter is **DENIED** in all respects.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

An Order of Dismissal will be filed separately.

Dated this 21st day of November, 2016.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE